http://www.va.gov/vetapp16/Files3/1621733.txt

Citation Nr: 1621733 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 09-30 115 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas

THE ISSUES

1. Entitlement to service connection for a bilateral hip disorder.

2. Entitlement to service connection for bilateral hearing loss.

3. Entitlement to service connection for hypertension.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

J. Smith, Counsel

INTRODUCTION

The Veteran served on active duty from April 1983 to August 1988.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.
 
In September 2013 and October 2015, the Board remanded the appeal for further development.

The electronic filing system contains additional documents that were associated with the record since the RO's last supplemental statement of the case in April 2013, without a waiver of RO jurisdiction. However, the records consist of 2013 private medical records relating to a chest wall abscess that were submitted in support of the Veteran's request to reschedule his hearing due to medical problems. As the documents contain no information pertinent to the claims on appeal, there is no risk of prejudice to the appellant from proceeding without the waiver. 

In January 2016, the Veteran was scheduled for a Board hearing for the second time. He did not attend and has not requested rescheduling or offered an explanation for his absence. Thus, the hearing request is deemed withdrawn. See 38 C.F.R. § 20.704.

FINDINGS OF FACT

1. A bilateral hip disorder is not attributable to service, and arthritis of the hips was not manifest within one year of separation from service.

2. The Veteran does not have hearing loss as defined by 38 C.F.R. § 3.385. 

3. Hypertension is not attributable to service and was not manifest within one year of separation from service.
CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for a bilateral hip disorder have not been met. 38 U.S.C.A. §§ 1101, 1131, 1137 (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.307, 3.309 (2015).

2. The criteria for entitlement to service connection for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1101, 1131, 1137 (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.385 (2015).

3. The criteria for entitlement to service connection for hypertension have not been met. 38 U.S.C.A. §§ 1101, 1131, 1137 (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).
Generally, in order to show a service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999).

Additionally, where a Veteran served continuously for ninety (90) days or more during a period of war, or during peacetime service after December 31, 1946, and certain diseases, including arthritis, hearing loss, and hypertension become manifest to a degree of 10 percent within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. See 38 C.F.R. §§ 3.307, 3.309 (2015). This presumption is rebuttable by affirmative evidence to the contrary. 

As described below, the claims on appeal must be denied. The Board is grateful to the Veteran for his honorable service and regrets that a more favorable outcome could not be reached on the appeal. 

 Bilateral Hip Disorder

The Veteran has current avascular necrosis (AVN) of the hips, documented on VA examination in February 2013.

The Veteran reports that his current hip disorder is related to a fall he sustained in service. On entry into service, no abnormalities of the hips were noted and the Veteran raised no related complaints. The service treatment records (STRs) are devoid of complaints, treatment, or diagnoses pertaining to the hips. In August 1984, the Veteran fell from a one-story building and was placed on crutches for a left heel contusion. On separation from service, a hip disorder was not documented and the Veteran voiced no pertinent complaints in the accompanying Report of Medical History.

In January 2008, the Veteran underwent a right hip total arthroplasty. The surgeon noted, "this is a 45-year-old male with a history of avascular necrosis, likely alcohol-related of his right hip." 

On VA examination in February 2013, the Veteran reported his in-service fall. He stated that he developed bilateral hip pain in approximately 2007. He underwent a right hip replacement in 2008 and continued to have pain in the hips bilaterally. On examination of the Veteran and review of the claims file, the examiner opined it was less likely than not that the Veteran's current bilateral hip disorder was incurred in or caused by the claimed in-service event. The examiner explained that while AVN can be caused by injury, the injury would have to be severe enough to disrupt the blood supply, and would involve a fracture or a dislocation. The Veteran's STRs showed a foot injury, but a fracture or dislocation was not shown. The examiner stated that idiopathic causes are common, and the in-service injury was simply not severe enough to cause AVN.

Considering the pertinent evidence in light of the governing legal authority, the Board finds that the preponderance of the evidence is against the claim. The February 2013 VA examination report is adequate for the purposes of adjudication. The examiner addressed the medical evidence and contentions of service connection, but opined that the current bilateral hip disorder was not related to service. The examiner based his conclusion on an examination of the claims file and the Veteran's diagnostic reports. 

The only other evidence to the contrary of the VA examination report is the lay evidence. The Board finds that the Veteran's lay assertions are both competent and credible. Consequently, the Board will weigh the lay statements against the medical evidence.

The February 2013 VA examiner was a medical professional who reviewed the claims file and considered the reported history, including the Veteran's own lay assertions. The February 2013 examiner, in providing the requested medical opinions, used his expertise in reviewing the facts of this case and determined that the current symptoms were not related to service. An idiopathic etiology was identified. As the examiner explained the reasons for his conclusions based on an accurate characterization of the evidence, including the Veteran's lay statements, the opinion is entitled to substantial probative weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). In weighing the VA examiner's opinions against those of the Veteran, the Board finds that the credibility and probative value of the specific and reasoned statement of the trained medical professional outweighs the general lay assertions.

Presumptive service connection for a bilateral hip disorder as a "chronic disease" is not warranted as there is no documentation of arthritis of the hips from within one year of the Veteran's 1988 discharge. As for a continuity of symptomatology between the current disorder and service, arthritis was not noted during service, and characteristic manifestations of the disease processes were not identified. Accordingly, § 3.303(b) is not applicable. See also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013)). 

In reaching the conclusions above, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable to the claim. 

 Bilateral Hearing Loss

Impaired hearing is considered a disability for VA purposes when the auditory threshold in any of the frequencies of 500, 1,000, 2,000, 3,000, or 4,000 Hertz is 40 decibels or greater; the thresholds for at least three of these frequencies are 26 or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Hearing loss was not documented in the Veteran's STRs, including on entry and separation from service. However, the Veteran had a moderate probability of exposure to hazardous noise while serving in the Air Force as an electrical power production specialist. DD Form 2014; M21-1.III.iv.4.B.3.d. 

A VA audiological examination was conducted in June 2009. Speech discrimination scores were 98 percent in the right ear, and 100 percent in the left ear. The following pure tone thresholds, in decibels, were obtained:
 

HERTZ

500
1000
2000
3000
4000
RIGHT
15
15
25
20
20
LEFT
15
20
20
20
25

The examiner determined that the Veteran had normal hearing bilaterally, and opined that as such, his noise exposure during military service did not result in hearing loss. 

Consistent with the June 2009 VA examination report, a review of the post-service record, consisting of VA and private treatment records, does not indicate hearing loss for VA purposes. 

The requirement of a current disability has not been satisfied. While the Board acknowledges the Veteran's honorable service to our country and is sympathetic to his symptoms, the Board must apply the law as it exists. See Owings v. Brown, 8 Vet. App. 17, 23 (1995) (providing that the Board must apply the law as it exists and is not permitted to award benefits based on sympathy for a particular appellant). Where the evidence establishes that a Veteran does not currently have a disorder for which service connection is sought, the other elements of service connection need not be addressed, and the claim must be denied. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992). 

The Board has considered the Veteran's own assertions that he has hearing loss due to service. The Veteran is fully competent to report his symptoms, and has submitted credible statements as to his symptoms. However, the medical findings, as provided in the June 2009 VA examination report, directly address the criteria under which the Veteran's hearing loss disability is assessed. The Board is bound by the applicable law and regulations to mechanically compare the requirements of 38 C.F.R. §3.385 to the numeric designations from audiometric test results in determining whether there exists hearing loss for VA purposes.

As current bilateral hearing loss has not been diagnosed, presumptive service connection pursuant to 38 C.F.R. §§ 3.307, 3.309(a) is not applicable and any allegation of continuity of symptomatology need not be addressed. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013)).

In reaching this decision, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the claim for service connection, that doctrine is not applicable as to this claim.

 Hypertension

Under VA regulations, hypertension must be confirmed by readings taken two or more times on at least three different days. The regulation also clarifies that the term "hypertension" means that the diastolic blood pressure is predominantly 90mm or greater, and isolated systolic hypertension means that the systolic blood pressure is predominantly 160mm or greater with a diastolic blood pressure of less than 90mm. 38 C.F.R. § 4.104 , Diagnostic Code (DC) 7101, Note (1) (2015). 

Additionally, in order for hypertension to be considered compensably disabling, the evidence must show that diastolic pressure is predominantly 100 or more, systolic pressure is predominantly 160 or more, or there is a history of diastolic pressure predominantly 100 or more requiring continuous medication for control. 38 C.F.R. § 4.104, DC 7101.

The Veteran has current hypertension, documented in a February 2009 VA treatment record. VBMS Entry 6/19/10, p. 17/27.

On entry into service, hypertension was not noted. The Veteran's blood pressure was 140 systolic and 88 diastolic. VBMS Entry 7/6/07, p. 12/25. The STRs are devoid of complaints, treatment, or diagnoses of hypertension. On the August 1988 separation examination, blood pressure was 126 systolic and 80 diastolic, and hypertension was not documented. VBMS Entry 7/6/07, p. 58/77.
 
The Board finds the preponderance of the evidence is against the claim. In addition to the lack of credible evidence showing that hypertension was incurred during service, the evidence does not link hypertension to service. As there were no relevant complaints, treatment, or diagnoses of hypertension in service, there is no injury, disease, or event to which a current disorder could be related. See 38 C.F.R. § 3.159(c)(4)(i); cf. Duenas v. Principi, 18 Vet. App. 512, 517 (2004), citing Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs, 345 F.3d 1334, 1355-57 (Fed. Cir. 2003) (noting that a medical examination conducted in connection with claim development could not aid in substantiating a claim when the record does not already contain evidence of an in-service event, injury, or disease.) Consequently, VA is under no duty to afford the Veteran a VA examination. 38 U.S.C.A. § 5103A(d) (West 2014); 38 C.F.R. § 3.159(c)(4) (2015); McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006).

The Board has also considered the Veteran's own contentions that his current hypertension is related to military service. Although the Veteran is competent to report his symptoms, the matter of whether hypertension relates to service is a medically complex determination that cannot be based on lay observation alone. See Jandreau v. Nicholson, 492 F. 3d 1372, 1376-77, n.4 (Fed. Cir. 2007); 38 C.F.R. § 3.317(a)(1) and (3). Instead, such a determination must be made by a medical professional with appropriate expertise. See id. Because the Veteran's statements are not based on medical training and/or experience, his assertion that these symptoms relate to service cannot be used to establish the required nexus.

Presumptive service connection for hypertension as a chronic disease is not warranted as there is no documentation of hypertension from within one year of the Veteran's 1988 discharge. As for a continuity of symptomatology between the hypertension and service, hypertension was not noted during service, and characteristic manifestations of the disease processes were not identified. Accordingly, § 3.303(b) is not applicable. See also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013)). 

In reaching the conclusions above, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable to the claim. 

Notice and Assistance

VA has satisfied its duties under The Veteran's Claims Assistance Act of 2000 (VCAA) to notify and assist. VA's duty to notify was satisfied by February 2007 letter. 

VA's duty to assist under the VCAA includes helping claimants to obtain STRs and other pertinent records, including private medical records (PMRs). The claims file contains the Veteran's STRs, VA medical records (VAMRs), and PMRs. The duty to obtain relevant records is therefore satisfied. 

VA's duty to assist also includes providing a medical examination and/or obtaining a medical opinion when necessary to make a decision on the claim, as defined by law. Appropriate VA medical inquiries have been accomplished as to the claims for a bilateral hip disorder and bilateral hearing loss, and are factually informed, medically competent and responsive to the issues under consideration. 

As for the claim for hypertension, as discussed, VA is not required to provide a medical examination or obtain a medical opinion to decide the claim. An examination is required when (1) there is evidence of a current disability, (2) evidence establishing an "in-service event, injury or disease" or that a disease manifested either in accordance with presumptive service connection regulations or as a result of a service-connected disability, (3) an indication that the current disability may be related to the in-service event or service-connected disability, and (4) insufficient evidence to decide the case. McLendon v. Nicholson, 20 Vet. App. 79 (2006). The standards of McLendon are not met here. As discussed above, the in-service incurrence of hypertension has not been shown, and the evidence does not suggest that the current disorder is otherwise related to service. The McLendon elements are not satisfied and, therefore, a VA examination is not required to decide the claim. See McLendon, 20 Vet. App. at 83.

The Board is further satisfied that the RO has substantially complied with its October 2015 remand directives. Stegall v. West, 11 Vet. App. 268, 271 (1998); see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (finding that only substantial compliance, rather than strict compliance, with the terms of a Board engagement letter requesting a medical opinion is required). As directed by the Board, the AOJ scheduled the Veteran for a Board hearing. He did not attend the hearing, has not requested that it be rescheduled, and offered no explanation for his absence. 

In sum, the Veteran has been afforded a meaningful opportunity to participate in the development of his appeal. He has not identified any outstanding evidence which could support his claim, and there is no evidence of any VA error in notifying or assisting the Veteran that could result in prejudice to him or that could otherwise affect the essential fairness of the adjudication. 

ORDER

Service connection for a bilateral hip disorder is denied.

Service connection for bilateral hearing loss is denied.

Service connection for hypertension is denied.

____________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs